UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02782-TWP-DML |
| | ) | |
| THORNTONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Defendant's Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of Plaintiff Christopher Dyer and the amount in controversy. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Notice of Removal alleges that "upon information, there is a good faith reasonable belief that Dyer is a citizen of the State of Indiana." (Filing No. 1 at 2.) The Notice of Removal further alleges that "[u]pon information and belief, Dyer seeks damages exceeding the jurisdictional threshold; that is he seeks damages that 'exceeds the sum or value of $75,000, exclusive of interest and costs.'" (Filing No. 1 at 3.) These allegations made upon information and belief are not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Therefore, the Defendant is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should identify the citizenship of Plaintiff Christopher Dyer and the amount in controversy. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 10/19/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Troy Kevin Rivera
NUNN LAW OFFICE
troyr@kennunn.com

Trenton W. Gill
REMINGER CO., LPA
tgill@reminger.com